May it please the court, my name is J.F. Siavich and I'm here on behalf of the defendant Appellant Russell Spratley. We're here to argue about the substantive reasonableness of his sentence in that the 62 month sentence that was imposed is substantively unreasonable given the significant efforts that Mr. Spratley undertook while on pre-trial release and the conditions under which he was raised as a child and how that impacted on him. Mr. Spratley as you know from the record had an unbelievably horrific childhood. He had a mother who entertained untold numerous men who regularly abused her and through that he learned that this was considered acceptable behavior. How can we say that this is substantively unreasonable when the court looked at all of the things and it is within the range of guidelines? I might very well, had I been a district judge, looked at this and decided differently, but under our cases how can we say that this isn't in the range? What happened here was that the deal was not made, whether it was because the defendant himself didn't want to or his lawyer advised him badly and were stuck with what was a bad mistake, but then the sentence was in the range of what sentences are. How can we say that substantively? We don't assume that just because it's within a guideline range that... It isn't necessarily, but we have said this is a decision of weighing these things is up to the district court unless it's totally out of line. If this one is, we have to review every single one of them, don't we? But this court is not supposed to just rubber stamp the sentences that were imposed by the district court. In fact, we need to, the court is required to weigh, look at the weight between that. We would have to conclude for substantive unreasonableness that this was outside the range of choices that could be deemed reasonable, that a five-year sentence, five years and two months, was just outside the range of what would be reasonable. The district judge did consider the mitigating factors you've cited, but also cited a number of circumstances that particularly went to your client's dangerousness and recidivism. So how do we say five years for a felon in possession is outside the range of choices available to a district judge? I think we need to look at how the weight is given to each of these factors and whether that it was appropriately weighted to each of the factors. But it would have to be that the weight could not be given, could not be given, because we don't weigh ourselves. I mean, I understand that, you know, if you had a trivial aggravating factor and a judge gave it 30 years' weight, you might have an issue, but here I'm not sure what you're saying was given too little weight or too much weight as a matter of law. If we look at the weight that was given, for example, to his childhood and the conditions under which he was raised, the court acknowledged that, yes, his parents treated him horribly, but the court's response to all that was that he was an adult now. Without considering how— That his prior punishments had not deterred him from criminal conduct and, more troublingly, violent criminal conduct. Well, there was criminal conduct. Most of that conduct was based on domestic violence disputes, except for really, I think it's since 2001— that that's how he learned to behave, which is very sad. But if that's how he learned to behave and he continues to behave that way, was the district court outrageously wrong to say, given his history, there is a need for protection of the public here? We actually see what was happening once we had a government entity that was looking out for the public's interests and as well as looking out for his interests. Pretrial services, in this case, did an unbelievable job of watching over him, ensuring that he was getting the medical treatment he needed, the psychological treatment he needed, the drug abuse treatment he needed. They got him working towards his GED, which was interrupted only because he was taken into custody after he pled. And for the first time in his life, he was actually gainfully employed and succeeding in his employment. So we're seeing here that all the interests of the public was being taken care of and that the court had other options that, if he fell off, the court could then impose a prison sentence. Are you suggesting that it would have been unreasonable to sentence him to any incarceratory term? We think that it was, in this case, incarceration was not necessary. Not necessary is a different question from whether any incarceratory term would have been substantively unreasonable. I just want to make sure I understand. I think, given the circumstances in Mr. Spratley's case, yes, it would have been unreasonable. Thank you. Until he demonstrated that he could not abide by the court's orders. Thank you. All right. Let's hear from the government. May it please the court. Monica Richards on behalf of the United States of America. Here we do have a judge who gave an individualized sentencing that's as required. The decision carefully took into account all of the 3553A factors. And that was informed by the mitigating factors of his family history. The judge acknowledged those, but the judge didn't necessarily give him a break for those to the length or the below guidelines numbers that the defendant was seeking. What the judge did was calculated properly the guidelines sentencing range of 57 to 71 months. And within that range, didn't give him the high end, didn't give him the low end, sort of the lower end. But when he started at a base offense level of 20, that was right from the get-go, regardless of his criminal history category, that was going to result in a higher sentence. It's almost a little bit over halfway down that column on the left-hand side, the offense level categories. But with regard, as has been noted, in the context of he's an adult now, was that he's 35 years old, that he'd had a past, since the age of 20, the past 15 years, he hadn't figured it out or hadn't been able to get the attention or the treatment or the care that he needed to help him through overcoming his upbringing. And that that, in context of now he's an adult, is where the judge was on that sentencing. Had he been 17 years old when he was brought to this court or brought to the district court, there might have been some greater leniency shown to the defendant with regard to that sort of an argument. But at this point, the judge's point was, you've had some time and you've had interaction with the court system, and this sentence, guideline sentence, is reasonable, not shockingly high, and not otherwise unsupportable as a matter of law, unless there's any questions. Thank you. Thank you. Jobsie Fitch, you have a minute in rebuttal. Thank you, Your Honor. I think it's important to consider the fact of how the system had failed Mr. Spratley throughout his life, that he was promoted through schools until he finally dropped out. Even when he was not actually attending school, they still would promote him. Even when he had failed all of his classes, they would promote him. He had a family that taught him to abuse drugs and alcohol, that while he may have had time with the legal system, the legal system was not watching out for him or the safety of the public. So his behavior was continuing, and it was behavior that he was taught until pretrial services was involved in his case. How long was he on pretrial release in this case? The actual time escapes me at the moment, Your Honor. It was — At this point, you're arguing that it's so manifest that he was doing so well on pretrial release that it was absolutely unreasonable for the judge not to continue him in a probationary status. It would seem to me it would make a difference whether he was managing to do well under supervision for six months or for four years. It wasn't four years, but I do know it was more than six months. And I think it's significant enough that, considering these factors, that this is a type of sentence that should have been continued. Considering those factors, it might not have been unreasonable for the district court to have said, I really think this guy is no longer a danger. But is it unreasonable for a district court with this history, after that amount of time when he was behaving well, to say, I still think that this is a danger? And, you know, that's the difference between a district court and a court of appeals. They look at the person. They have the thing there. They see the whole thing, and they make judgments. And then I can sit here and say, gee, I would have done differently, but can we possibly be in that position? And that isn't being a rubber stamp. I mean, you know, I've seen judges say, I don't like this, and then go, well, that's a different kind of affair. Anything else, counsel? Well, we respectfully request that you vacate the judgment and remand to the district court with instructions that the court give greater weight to his rehabilitative efforts and his history, personal history. Thank you. Thank you, Your Honor. We'll take the matter under advisement.